CECILIO TIRADO RIVERA, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1151. Submitted October 2, 1944.—Decided November 13, 1944.

*José Sabater* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant herein sold a rural property for $1,600, of which he received $1,400 at the time of the execution of the conveyance, the purchaser binding himself to pay the balance of $200 in two installments of $100 each, the first payable within one year and the second within two years from the date of execution of the deed of sale. To secure the deferred payments and the interest thereon, the purchaser mortgaged, in favor of the vendor, the coffee crops pertaining to 1945 and 1946 and, in the event the latter proved insufficient, the succeeding crops until the debt should be fully

paid, such lien to be recorded in the Registry of Contracts for Agricultural Purposes of Añasco.

Upon said deed being presented for record in the Registry of Contracts for Agricultural Purposes, the registrar refused to record it on the grounds set forth in the decision appealed from, which reads thus:

"The recording of the foregoing document in the Registry of Contracts for Agricultural Purposes is denied, as the same does not comprise any contract of advances for agricultural purposes and grinding of cane recordable in said registry, and a cautionary notice has been entered for the legal term at page 59, volume 2 of the Registry of Contracts for Agricultural Purposes. Mayagüez, August 31, 1944. $0.75 Agricultural Contracts Act. (Sgd.) Guillermo H. Moscoso, Acting Registrar. (Internal revenue stamps to the amount of 75 cents appear duly canceled.)

The appellant urges (a) that the registrar erred in holding that the agreement made between the appellant and his grantee is not a contract of advances for agricultural purposes which might be recorded in the Registry of Contracts for Agricultural Purposes; (b) that under the Act of March 10, 1910, regarding agricultural contracts, "the creditor is not required to prove that the money or loan advanced to the landowner has been specifically invested in the property," it being sufficient that the parties agree that a certain loan has been contracted between them and that to secure the reimbursement thereof the products of a certain property are mortgaged; and (c) that said Act of 1910 requires a nonrestrictive interpretation, as its purpose is to broaden land credits by enabling farmers to utilize their crops in raising funds.

A careful study of the Act leads us to the conclusion that the decision appealed from should be affirmed. Section 1 of Act No. 37 of March 10, 1910, as amended by Act No. 66 of August 1, 1925 (Laws of 1925, p. 345), defines a contract of advances for agricultural purposes as "one under which one of the parties thereto turns over and the

other party receives, subject to reimbursement, a certain amount of money in cash or species . . . *with which to meet the expenses of administration, maintenance, cultivation, and improvement of rural properties* . . . the products of said properties being answerable and encumbered for the repayment of the amounts received with such interest as may have been agreed upon."

Section 4 of the same Act (Laws of 1925, p. 348) provides that, as regards the products which are the object of the lien, the crop loan contract, from the date it is filed in the registry and during the years stipulated in the contract and until the creditor is fully reimbursed the amount of his credit, shall have preference over other subsequent credits, except tax liens.

By § 7 of the original Act, amended by Act No. 148 of May 15, 1937, there was created a "registry of contracts for agricultural purposes," in which "the contracts herein referred to shall be recorded on petition of any of the parties." Section 8 provides that "such entries and marginal notes as may be made in the Registry of Contracts for Agricultural Purposes shall be to the prejudice of and binding upon third parties, from and after the filing of the respective documents."

It is evident that the essential purpose of the Act of 1910, regarding crop loan contracts, is to enable a farmer who needs funds for defraying the expenses of maintenance, cultivation, or improvement of his property to borrow money, giving as security therefor the products yielded by said property; and to grant to the lender the preferences established by § 4 of the Act.

The contract presented for record by the appellant herein is a simple contract of sale in which the purchaser paid a part of the purchase price and bound himself to pay the

balance in two stipulated installments, securing the payment thereof by a lien upon two future crops of the property involved in the contract. In the deed it was not even stated that the unpaid $200 was retained by the purchaser in order to invest it in the administration, maintenance, cultivation, or improvement of the property: a prerequisite for considering the contract as a "contract of advances for agricultural purposes" covered by the provisions and involving the benefits and preferences set forth in the Act under discussion. Were we to hold that a simple contract of sale as the one involved in this appeal is recordable in the "Registry of Contracts of Advances for Agricultural Purposes," we would be bound to hold that a contract for the purchase of an automobile, in which the payment of the purchase price is secured by a lien upon the crops or products of a farm, should also be recorded in said registry.

We agree with the appellant that, in a litigation regarding a crop loan contract the creditor is not bound, in order to establish his preference, to prove that the money loaned by him to the landholder was actually invested in improving the property involved in the contract. It was so held by this court in *Gómez* v. *Bravo et al.*, 34 P.R.R. 141. However, the creditor must prove that the contract entered into between him and the farmer was one of the character defined by § 1 of the Act of March 10, 1910, regarding crop loan contracts, that is, that the money was loaned by him to pay the expenses of administration, maintenance, cultivation, or improvement of the property belonging to his debtor.

Since the contract presented in this case is not a crop loan contract, the registrar acted correctly in denying the record sought, and hence the decision appealed from should be affirmed.